Commonwealth of Pennsylvania, Department of Environmental Resources *v.* Joseph R. Bierman, M.D., Emanuel Roth, Luther Bilheimer, Carol A. Zimmerman, Paulina L. Curtis and F. Murray Iobst, DVM, Appellants.

Argued January 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William H. Platt*, for appellants.

*Michael S. Alushin*, Special Assistant Attorney General, for appellee.

*Alan M. Black*, Solicitor, for City of Allentown.

OPINION BY JUDGE MENCER, March 11, 1976:

This is an appeal from an adjudication by the Environmental Hearing Board (Board) which dismissed appellants' objections to the issuance of a public water supply permit by the Department of Environmental Resources (DER) to the Allentown Water Authority (Authority). The permit allows the Authority to provide for fluoridation of its water supply. Appellants are persons who use the Allentown water supply and are opposed to fluoridation.

Specifically, appellants are opposed to the addition of hydrofluorosilicic acid ($H_2SiF_6$) to the Allentown water supply in sufficient quantities to produce a concentration of approximately one part per million of fluoride. Ap-

pellants raise several issues on appeal, not all of which are properly within the ambit of our review.

The scope of review of this Court is to determine whether there exists a manifest abuse of discretion or an error of law on the part of the Board. *Sierra Club v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 110, 281 A. 2d 256 (1971). Under Section 44 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.44, we must affirm the adjudication of the Board unless there has been a violation of appellants' constitutional rights, an error of law, or a lack of substantial evidence to support any necessary findings of fact. *Belin v. Department of Environmental Resources*, 5 Pa. Commonwealth Ct. 677, 291 A. 2d 553 (1972).

Based on testimony before the Board in hearings held on December 18, 19, and 20, 1974, the hearing examiner made the following findings of fact:

"18. Fluoridation at approximately one ppm (part per million) is recognized as safe, efficient, and economical by the Pennsylvania Department of Health.

. . . .

"20. Fluoridation at approximately one ppm produces an approximate sixty-five per cent reduction in dental cavities.

"21. Fluoridation at approximately one ppm is safe from a medical standpoint."

Appellants first contend that there was not substantial evidence to support these findings. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wilkinsburg v. Sanitation Department*, 16 Pa. Commonwealth Ct. 640, 330 A. 2d 306 (1975). Both DER and appellants produced expert testimony on the subjects of the safety and effectiveness of fluoridation at the proposed concentration. Although the experts disagreed on these matters, it was for the hearing examiner to determine the weight to be given the evidence presented. His findings of

fact were simply substantiated by the testimony of DER's expert witnesses and those presented by the intervenor, the City of Allentown.[1]

Appellants assert secondly that the hearing examiner abused his discretion in ruling that appellants' expert witness, Dr. John A. Yiamouyiannis, could not testify concerning the contents of many unnamed scientific articles on the subject of fluoridation and its effects on man. Dr. Yiamouyiannis holds a Ph. D. in biochemistry and worked for several years as an editor of scientific abstracts. He stated that during this time he had read thousands of articles on the subject of fluoridation. The hearing examiner reasoned—correctly, in our view—that testimony concerning the *contents* of these scientific articles would constitute inadmissible hearsay. However, Dr. Yiamouyiannis was allowed to testify that in his opinion the research done on fluoridation, taken as a whole, was not of sufficient quality and quantity to establish the safety or efficacy of fluoridation. He was also permitted to testify to the results of one experiment he himself conducted. We hold that the hearing examiner ruled correctly in allowing Dr. Yiamouyiannis to testify to his general knowledge of the research and in refusing to allow testimony concerning the conclusions and methodology of various experiments not in evidence whose authors were not available for cross-examination. This Court has held in *A. P. Weaver and Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971), that reports of tests or experiments conducted by third parties are inadmissible hearsay when the author of the report or the experimenter is not available to testify or to be cross-

---

1. Furthermore, we note that the issues of the efficacy and safety of fluoridation in general were the subject of previous hearings before the Board. An administrative body, which, by definition, is charged with developing expertise in a given area, should not be obliged to rediscover the underlying facts within its area of specialization at each new hearing.

examined. The majority of jurisdictions are in accord with this view.[2] Our review of the record indicates that the hearing examiner did not abuse his discretion in refusing to hear this testimony. Indeed, if anything, the examiner was quite lenient in admitting some of the testimony by Dr. Yiamouyiannis.

Appellants have asserted several other bases for their appeal which we will discuss only briefly since we find them to be without merit. Appellants assert that DER abused its discretion and failed to fulfill its legal duty to make an environmental impact study before issuing the permit. We have not found, nor have appellants called our attention to, any legal authority imposing a duty to make such a study.

DER, in reviewing the Authority's application for a water supply permit must abide by the Act of April 22, 1905, P. L. 260, 35 P.S. §713, which states in pertinent part:

"No municipal corporation, private corporation, company, or individual shall construct water works for the supply of water to the public within the State, or extend the same, without a written permit, to be obtained from the Commissioner of Health *if, in his judgment, the proposed source of supply appears to be not prejudicial to the public health.*" (Emphasis added.)

It should be noted that Article XIX-A of The Administrative Code of 1929, §§1901-A(7), 1918-A, added by the Act of December 3, 1970, P. L. 834, 71 P.S. §§510-1(7), 510-18, transferred the powers and duties under the Act of April 22, 1905, from the Department of Health to DER. By challenging DER's determination, appellants assumed the burden of proving a prejudicial effect on public health. They have not carried this burden.

---

2. *See generally* Annotation, 19 A.L.R. 3d 1008 (1968).

Appellants next urge us not to allow the permit to issue since they have brought suit in another court seeking to compel a referendum in Allentown on the issue of fluoridation. They also assert that several neighboring townships will receive the fluoridated water without prior legislative approval by their respective governing bodies. These arguments are simply not relevant to the *issuance of a water supply permit* where the only question is whether or not, in the judgment of DER, the proposed source of supply is prejudicial to public health.

Appellants' other contentions are without sufficient merit to extend this opinion by discussion here.

Accordingly, we enter our

ORDER

Now, this 11th day of March, 1976, the order of the Environmental Hearing Board in the above captioned case is affirmed.

———

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

In concurring with the majority opinion in all respects, I simply record this case as but one more example of the ambivalent position of the DER that a "proposed source of [water] supply [to include a fluoridation program] appears to be not prejudicial to the public health." Section 3, Act of April 22, 1905, P. L. 260, *as amended*, 35 P. S. §713, when it continues to deny applications to modify water supply permits intended to discontinue a fluoridation program not because discontinuance of such a program is found to be prejudicial to the public health but simply because, as originally issued, the permit included such a fluoridation program. *See Commonwealth, Department of Environmental Resources v. City of Lebanon*, 22 Pa. Commonwealth Ct. 132, 348 A.2d 166 (1975).